NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 4 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEVIN ANDRICH, | No. 22-16559 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-00047-RM |
| v. | |
| JULIA ERWIN, Legal Access Monitor at Arizona Department of Corrections, ULIBARRI, First name unknown; named as Jane Doe Ulibarri, Paralegal at Arizona Department of Corrections, BEVERLY ULIBARRI, Paralegal at Arizona Department of Corrections, CHRISTINA PHILLIS, Director at Office of Public Defense Services, JANELLE A. MCEACHERN, Attorney licensed to practice law in Arizona, DAVID SHINN, ADC Director, Director, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted June 4, 2024[**]
San Francisco, California

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WALLACE, FERNANDEZ, and SILVERMAN, Circuit Judges.

Pro se Plaintiff-Appellant Devin Andrich, a former attorney and Arizona state prisoner, appeals from the district court's order granting summary judgment in favor of, and entering final judgment for, Defendants-Appellees on his 42 U.S.C. § 1983 court-access claim. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo. *See Perez v. City of Fresno*, 98 F.4th 919, 924 (9th Cir. 2024). We affirm.

Summary judgment was proper on the access-to-courts claim. Andrich was not entitled to affirmative assistance from Ulibarri in responding to his state bar action because the action was not a direct or collateral challenge to his criminal conviction or his conditions of confinement. *See First Amend. Coal. of Az. v. Ryan*, 938 F.3d 1069, 1080 (9th Cir. 2019); *see also Simmons v. Sacramento County Sup. Ct.*, 318 F.3d 1156, 1160 (9th Cir. 2003) ("In other words, a prisoner has no constitutional right of access to the courts to litigate an unrelated civil claim."). Similarly, Andrich has not shown injury to support an active-inference claim because he submitted a response to the state bar with the legal supplies Ulibarri provided and has not shown how copies of his client billing records would have aided in his response. *Cf. Blaisdell v. Frappiea*, 729 F.3d 1237, 1244 (9th Cir. 2013), quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996) ("[A]ccess-to-courts rights do not exist in an 'abstract, freestanding' form. . . . Instead, they are tethered to principles

2

of Article III standing."); *Simmons*, 318 F.3d at 1160, quoting *Lewis*, 518 U.S. at 355 (emphasis removed) ("Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration."). Andrich's reliance on *Allen v. Sakai* is misplaced because that case involved officials' interference with an inmate's ability to submit filings "in connection with his second attempt to obtain *post-conviction relief*," in other words, a claim directly related to his incarceration, not an unrelated civil claim. 48 F.3d 1082, 1089 (9th Cir. 1994) (emphasis added). Finally, it is well-settled that "[a] denial of free photocopying does not amount to a denial of access to the courts." *Johnson v. Moore*, 948 F.2d 517, 521 (9th Cir. 1991).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**